[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, except for the Department of Consumer protection (DCP), move to dismiss this action seeking a declaratory judgment based on a failure by the plaintiff's to exhaust administrative remedies.
On June 20, 2000, the plaintiff's, Mobile Redemptions, Inc. and Tomra Metro, LLC, began this suit to determine whether the Connecticut "Bottle Bill", General Statutes § 22a-243 et seq., permits container redemption businesses to assess charges against wholesalers for costs related to the collection and disposal of empty beverage containers. The plaintiff's never petitioned the DCP for a declaratory ruling as to this issue under General Statutes § 4-176. The movants claim that this omission constitutes a failure to exhaust administrative redress depriving this court of subject matter jurisdiction to decide the case. The court agrees.
General Statutes § 4-175 (a) allows an aggrieved party to "seek in the Superior Court a declaratory judgment as to the . . . applicability of the provisions of the general statutes" if that party has unsuccessfully petitioned the administrative agency for a declaratory ruling under General Statutes § 4-176. The plaintiff's argue that utilization of § 4-176 was futile because the DCP had already declined to issue such a ruling on the same issue at the request of another petitioner, viz. the Connecticut Beer Wholesalers Association, Inc., a defendant in this case.
It is settled law that, if an administrative remedy exists, recourse to it must be had before the Superior Court obtains subject matter jurisdiction to act, Raymond v. Rock Acquisitions Limited Partnership,50 Conn. App. 411, 415 (1998). The plaintiff's argument based on futility because of previous action by the agency was rejected by our Supreme Court in Housing Authority v. Papandrea, 222 Conn. 414, 430 (1992).
CT Page 12837 In that case, the trial court denied a motion to dismiss holding §4-176 inapplicable because the agency in that matter had previously rendered a written opinion, unfavorable to the plaintiff's position, in response to a request by an association to which the plaintiff belonged, Id., 429. The Supreme Court held that the issuance of the earlier opinion "did not relieve the plaintiff of its obligation to pursue its administrative remedies [under § 4-176] in an effort to persuade the commission that his position was legally incorrect," Id., 432. That Court ruled that the trial court lacked subject matter jurisdiction to entertain the action, Id., 433.
The holding of Housing Authority v. Papandrea, supra, compels this court to conclude that the plaintiff's have failed to exhaust the administrative remedy afforded by § 4-176, and, therefore the court lacks subject matter jurisdiction to decide this case under § 4-175.
The motions to dismiss are granted.
Sferrazza, J.